NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| IN THE MATTER OF COMPLAINT OF JOHN N. DERAY AS OWNER OF A CERTAIN 41-FOOT 1988 APACHE POWERBOAT WITH HULL IDENTIFICATION NO. ABB41025G788 FOR EXONERATION FROM OR LIMITATION OF LIABILITY | : : : : : : : : : : | Civ. No. 05-2049 (GEB)<br><br>**MEMORANDUM OPINION** |

**BROWN, Chief Judge**

This matter comes before the Court upon the motion of Kelly Catalano ("Movant") for leave to file a late notice of claim and answer. The Court, having considered the parties' submissions and having decided this matter without oral argument pursuant to Federal Rule of Civil Procedure 78, and for the reasons discussed below, grants Movant's motion.

**I. BACKGROUND**

On June 20, 2004, Gabriele J. Catalano, Jr. ("Claimant"), sustained serious injuries in a jet-ski accident that left him unable to work. At the time of the accident, Claimant was married to Movant and father of their two infant children. In January 2005, Movant filed for divorce.

On April 19, 2005, prior to Claimant commencing an action in state court seeking damages for his injuries, petitioner John N. DeRay, the owner of the boat involved in Claimant's accident, filed a complaint seeking exoneration from or limitation of liability regarding the accident. On April 21, 2005, the Court entered an Order for the issuance of a Monition, setting a notice of claim date of June 7, 2005.

On March 8, 2006, Movant retained an attorney to represent her and her daughters for her claims arising from the June 20, 2004 accident. Movant's attorney contacted counsel for all parties, seeking their consent to allow Movant's proposed filing. On March 17, 2006, Claimant's counsel advised that Claimant would not consent.

## II. DISCUSSION

Courts have held that "late claimants in admiralty proceedings need not show 'good cause.'" Alter Barge Line, Inc. v. Consolidated Grain & Barge Co., 272 F.3d 396, 397 (7th Cir. 2001)(citations omitted). Thus, "[w]hen a claimant shows cause, courts must 'freely grant[]' permission to file late claims so long as the limitation proceeding is ongoing and the late claim will not prejudice other parties." Id. (citation omitted). Furthermore, the Seventh Circuit noted "the equitable nature of admiralty proceedings, in which parties are given every opportunity to place their entire case before the court and to correct errors at any stage of the proceedings . . . ." Id. (citation omitted).

Here, Movant demonstrated the necessary cause in the delay of her filing due to allegedly not receiving notice of the action. Claimant presented evidence that in October 2005, Movant's attorney in the divorce proceedings was notified of the admiralty proceeding. (Affidavit of John P. James at Exhibits 2-3.) However, the record demonstrates that Movant retained a different attorney for the instant matter and Movant further asserts that she had been informed that she had two years from the date of accident to file a claim. (See Movant's Br. at 2.) Therefore, Movant has demonstrated sufficient cause for her delay in filing.

Movant next asserts that there is no prejudice to any party to the limitation proceeding in

2

allowing her late notice of claim because the matter is open, without a set trial date, and with discovery not yet completed. Claimant concedes that the "limitation action is pending and undetermined and additional discovery will be conducted," but asserts that granting Movant's motion would adversely affect his entitlement to proceed with a jury trial in state court. (Claimant's Br. at 4.) However, Movant restated her willingness to stipulate to permitting the claims to proceed in state court before a jury. (Movant's Reply at 4 (citations omitted).) Consequently, there will be no prejudice to Claimant in allowing Movant's motion and it is therefore granted.

### III. CONCLUSION

For the foregoing reasons, Movant's motion for leave to file a late notice of claim and answer is granted. An appropriate form of order is filed herewith.

Dated: May 10, 2006

                                                          s/ Garrett E. Brown, Jr.
                                                        GARRETT E. BROWN, JR., U.S.D.J.