NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| | : | |
| IN THE MATTER OF COMPLAINT OF | : | |
| JOHN N. DERAY AS OWNER OF A | : | Civ. No. 05-2049 (GEB) |
| CERTAIN 41-FOOT 1988 APACHE | : | |
| POWERBOAT WITH HULL | : | **MEMORANDUM OPINION** |
| IDENTIFICATION NO. ABB41025G788 | : | |
| FOR EXONERATION FROM OR | : | |
| LIMITATION OF LIABILITY | : | |
| | : | |

**BROWN, Chief Judge**

This matter comes before the Court upon the motion of third-party defendant Kevin P. Higgins for summary judgment.  The Court, having considered the parties' submissions and decided the matter without oral argument pursuant to Federal Rule of Civil Procedure 78, and for the reasons discussed below, will deny the motion.

## I.  BACKGROUND

The facts were set forth in the Court's prior ruling in this action and are repeated here where relevant.  On June 20, 2004, Gabriele J. Catalano, Jr. ("Claimant"), was injured when the jet-ski watercraft he was operating collided with a boat owned by third-party plaintiff John DeRay.  On April 19, 2005, prior to Claimant commencing an action in state court seeking damages for his injuries, DeRay filed a complaint seeking exoneration from or limitation of liability regarding the accident.  On April 21, 2005, the Court entered an Order for the issuance of a Monition, setting a notice of claim date of June 7, 2005.

On or about June 6, 2005, Claimant filed a claim against DeRay alleging damages for

personal injuries sustained as a result of the collision.  However, DeRay's third-party complaint alleges that, at all material times, third-party defendant Higgins was the owner of the jet-ski watercraft and negligently entrusted its use to Claimant, causing personal injuries to Claimant and damage to DeRay's boat.  Therefore, DeRay seeks indemnification from Higgins for all losses and damages arising from any claims against him by Claimant, as well as for damages to his boat.

Third-party defendant Higgins then filed the instant motion for summary judgment on DeRay's third-party complaint, alleging that he and Claimant were co-owners of the jet-ski watercraft at all relevant times, which would obviate a finding of negligent entrustment.  DeRay opposed the motion.

## II.  DISCUSSION

A.  Standard for a Motion for Summary Judgment

A party seeking summary judgment must "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P.  56(c); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Orson, Inc. v. Miramax Film Corp., 79 F.3d 1358, 1366 (3d Cir. 1996); Healy v. New York Life Ins. Co., 860 F.2d 1209, 1219, n.3 (3d Cir. 1988), cert. denied, 490 U.S. 1098 (1989); Hersh v. Allen Prods. Co., 789 F.2d 230, 232 (3d Cir. 1986).  The threshold inquiry is whether "there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986)(noting that no issue for trial exists unless there is sufficient evidence favoring the nonmoving party for a jury to

return a verdict in its favor).  In deciding whether triable issues of fact exist, the Court must view

the underlying facts and draw all reasonable inferences in favor of the non-moving party.  See

Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); Pennsylvania Coal

Ass'n v. Babbitt, 63 F.3d 231, 236 (3d Cir. 1995); Hancock Indus. v. Schaeffer, 811 F.2d 225,

231 (3d Cir. 1987).

        Rule 56(e) of the Federal Rules of Civil Procedure provides, in relevant part:

> When a motion for summary judgment is made and supported as provided in
> this rule, an adverse party may not rest upon the mere allegations or denials of
> the adverse party's pleading, but the adverse party's response, by affidavits or
> as otherwise provided in this rule, must set forth specific facts showing that
> there is a genuine issue for trial.  If the adverse party does not so respond,
> summary judgment, if appropriate, shall be entered against the adverse party.

Fed. R. Civ. P. 56(e).  The rule does not increase or decrease a party's ultimate burden of proof

on a claim.  Rather, "the determination of whether a given factual dispute requires submission to

a jury must be guided by the substantive evidentiary standards that apply to the case."  Anderson,

477 U.S. at 255.

        Under the rule, a movant must be awarded summary judgment on all properly supported

issues identified in its motion, except those for which the nonmoving party has provided

evidence to show that a question of material fact remains.  See Celotex, 477 U.S. at 324.  Put

another way, once the moving party has properly supported its showing of no triable issue of fact

and of an entitlement to judgment as a matter of law, for example, with affidavits, which may be

"supplemented . . . by depositions, answers to interrogatories, or further affidavits," id. at 322

n.3, "its opponent must do more than simply show that there is some metaphysical doubt as to

the material facts."  Matsushita, 475 U.S. at 586 (citations omitted); see also Anderson, 477 U.S.

3

at 247-48 (stating that "[b]y its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact.").

What the nonmoving party must do is "go beyond the pleadings and by [its] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" <u>Celotex</u>, 477 U.S. at 324; <u>see</u> <u>also</u> <u>Lujan v. Nat'l Wildlife Fed'n</u>, 497 U.S. 871, 888 (1990)(stating that "[t]he object of [Rule 56(e)] is not to replace conclusory allegations of the complaint . . . with conclusory allegations of an affidavit."); <u>Anderson</u>, 477 U.S. at 249; <u>Big Apple BMW, Inc. v. BMW of N. Am., Inc.</u>, 974 F.2d 1358, 1363 (3d Cir. 1992), <u>cert.</u> <u>denied</u>, 507 U.S. 912 (1993)(stating that "[t]o raise a genuine issue of material fact, . . . the opponent need not match, item for item, each piece of evidence proffered by the movant," but must "exceed[] the 'mere scintilla' threshold and . . . offer[] a genuine issue of material fact.").

The Local Rules supplement the Federal Rules and provide that "each side shall furnish a statement which sets forth material facts as to which there exists or does not exist a genuine issue." L. Civ. R. 56.1. "Where possible, a single joint Rule 56.1 statement is favored." Allyn Z. Lite, New Jersey Federal Practice Rules 192 (2006 ed.)(citations omitted). "Where a joint statement is not prepared, then, under the rule, 'facts submitted in the statement of material facts which remain uncontested by the opposing party are deemed admitted.'" <u>Id.</u> at 193 (citations omitted). However, "the parties' L. Civ. R. 56.1 statements cannot bind the Court if other evidence establishes that the stipulated facts are in error." <u>Id.</u> (citation omitted).

4

B.  <u>Genuine Issues of Material Fact Preclude Summary Judgment</u>

Third-party defendant Higgins contends that he and Claimant were co-owners of the watercraft, which would allegedly preclude a finding of negligent entrustment, and thus seeks summary judgment on third-party plaintiff DeRay's complaint.  In opposition, DeRay alleges that the evidence demonstrates that the watercraft was solely owned by Higgins.

Accordingly, pursuant to the contrasting allegations in the parties' briefs and Rule 56.1 statements, the Court finds that there are sufficient issues of material fact as to the ownership of the watercraft that necessitate denying third-party defendant's motion for summary judgment. First, third-party defendant Higgins presents little in his moving brief, beyond mere assertions, in support of his contention that Claimant was a co-owner of the watercraft.  The copy of the check provided as evidence of Claimant's payment for his ownership interest in the watercraft is not clear as to its purpose or its origin.  Furthermore, DeRay presents evidence that the check by Claimant was for an entirely different jet-ski watercraft.  Finally, DeRay presents the transcript of a proof hearing in the Superior Court of New Jersey where default judgment was entered in favor of Higgins against Claimant for the full value of the watercraft.  During that hearing, Higgins stated that he gave Claimant permission to use the watercraft and did not speak of co-ownership. Although Higgins, in his reply brief, later provides an affidavit by Claimant stating his ownership interest in the watercraft, that affidavit was submitted by Claimant seeking to vacate the default judgment in the state court action and challenges third-party defendant's testimony at the proof hearing, further leaving the ownership of the watercraft in doubt.

For these reasons, the Court finds genuine issues of material fact regarding ownership of the jet-ski watercraft that preclude granting third-party defendant's motion for summary

judgment.  Consequently, the motion is denied and the Court need not reach the question of whether negligent entrustment applies between co-owners of property because, as stated in the brief, it first requires a finding of co-ownership.

## III.  CONCLUSION

For the foregoing reasons, third-party defendant's motion for summary judgment is denied.  An appropriate form of order is filed herewith.


Dated: July 11, 2006


    s/ Garrett E. Brown, Jr.
GARRETT E. BROWN, JR., U.S.D.J.